# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

THOMAS M. BRADFORD,

       Plaintiff,

       v.

BEEBE MEDICAL CENTER,
THOMAS M. CATHCART AND
JOYDEEP HALDAR,

       Defendants.

C. A. No. S17C-10-019 CAK

Submitted: May 9, 2020
Decided: June 9, 2020

## MEMORANDUM OPINION AND ORDER

*Upon Defendant Beebe Medical
Center's Motion to Dismiss on Statute of
Limitation Grounds - **GRANTED***

*Upon Beebe Medical Center's
Motion for Summary Judgment
for Failure to Provide Sufficient
Medical Expert Evidence - **DENIED AS MOOT***

*Upon Haldar and Cathcart's Motion
for Summary Judgment for Failure
to Provide Sufficient Medical Expert
Evidence - **DENIED WITH CERTAIN CONDITIONS***

Thomas Michael Bradford, self represented plaintiff, 6611 16th Street, NW, Washington, DC 20012

Bradley J. Goewert, Esquire, Catherine M. Cramer, Esquire, Marshall Dennehey Warner Coleman & Goggin, 1007 N. Orange Street, Suite 600, P.O. Box 8888, Wilmington, Delaware 19899-8888, Attorney for Defendant, Beebe Medical Center

John D. Balaguer, Esquire and Roopa Sabesan, Esquire, White and Williams LLP, Courthouse Square, 600 N. King Street, Suite 800, Wilmington, Delaware 19801, Attorney for Defendants, Joydeep Haldar, M.D. and Thomas M. Cathcart

**KARSNITZ, J.**

Thomas Bradford, a self represented litigant, filed a Complaint alleging medical negligence on October 26, 2017. Generally, Bradford alleged medical negligence by the Defendants in providing him medical care on July 29, 2015 and July 30, 2015. Attached to the Complaint was a document he titled "Notice of Intent to Investigate" dated July 20, 2017. The case proceeded through the pleading and discovery stages with fits and starts common to cases involving self represented litigants. Trial before a jury is currently scheduled for September 21, 2020.

Delaware State Police brought Plaintiff Bradford to Beebe Medical Center emergency room in the early morning hours of July 29, 2015. Bradford was highly intoxicated after an evening spent at the bars of the Rehoboth Beach area. Records indicate that Bradford had an alcohol level of .276 g/DL.[1] Apparently, Plaintiff has little recollection of what happened to him which resulted in his trip to the emergency room. Plaintiff now claims he was assaulted. Defendants describe a bar fight. Plaintiff alleges he complained of a shoulder injury which went untreated and has now led to permanent damage to this right upper extremity. Despite settled Delaware law prohibiting the *ad damnum* clause stating a particular amount,[2]

---

[1] By comparison .08 g/DL is sufficient for presumption of driving under the influence of alcohol.
[2] Super Ct. Civil Rule. 9(g).

3

Plaintiff's Complaint request $19,000,000.00 in damages.

The Scheduling Order entered by the Court required Plaintiff to identify any expert witnesses he had to prove his case and to produce any related reports by May 8, 2019. Defendants had also filed typical discovery requests for the same information. On May 3, 2019, Plaintiff provided to Defendants a list of medical experts, including Christopher S. Raffo, M.D., as well as a few medical records. Plaintiff provided no reports nor any summary of medical opinions.

Defendants in response filed a motion to compel production of expert reports or appropriate disclosures in compliance with Delaware rules of discovery. Plaintiff filed no substantive response to Defendant's motion to compel and I granted it on August 5, 2019. My order gave Plaintiff 45 days to provide adequate expert disclosures or his Complaint would be dismissed. In September, 2019 Plaintiff provided to Defendants a report from Dr. Raffo. Dr. Raffo opined that Defendants committed medical negligence if events occurred as described by Mr. Bradford. Notably, Dr. Raffo qualified his opinions by indicating he had not reviewed many of the medical records generated in Mr. Bradford's case, including the initial emergency room records, imaging studies, police or first responder records, medical records from jail, or the subsequent medical records. Dr. Raffo wrote: "If the events were not accurately described, then the finding of negligence

4

would certainly be likely to change."

Defendants sought to take Dr. Raffo's deposition and it was scheduled for December 9, 2019. Two days prior to the deposition it was cancelled by Dr. Raffo's office because he did not have records he needed to proceed with the deposition.[3] Apparently, Dr. Raffo did not believe he had the information he needed to express opinions, and refused to go forward without the necessary records.

## PROCEDURAL POSTURE

As the case neared its trial date Defendants filed four motions. Defendant Beebe filed the following:

1. A motion for partial summary judgment seeking dismissal of claims for punitive damages.

2. A motion to dismiss claiming Plaintiffs complaint was filed outside the applicable statute of limitations.

3. A motion for summary judgment claiming Plaintiff's expert evidence was insufficient.

Defendants Halder and Cathcart filed a motion for summary judgment parroting Beebe's motion listed as number three above.

---

[3] I requested Defendant Haldar's counsel provide to me an affidavit detailing her communications with Dr. Raffo's office concerning the deposition. She filed the affidavit on May 29, 2020. Mr. Bradford asked for time to file an affidavit in support of his case. I gave him until June 2, 2020 to do so. Bradford has not filed an affidavit.

I held oral argument telephonically on May 26, 2020. After argument ended, I granted Beebe's motion to dismiss claims for punitive damages for reasons I stated on the record. In short, in my opinion, the facts alleged in the Complaint and developed in discovery reviewed in the light most favorable to Plaintiff support claims of negligence only, and not a claim for punitive damages.[4] At oral argument I reserved decision as to the remaining motions. This opinion is my resolution of those motions.

## A WORD ABOUT SELF-REPRESENTED LITIGANTS

Delaware law applies two separate principles in analyzing cases involving self-represented litigants. I have always viewed the two to be contradictory. A quote from *Colatriano v. Roman*[5] illustrates the dilemma:

---

[4]See 18 *Del. C.* §6855 ("...punitive damages may be awarded only if it is found that the injury complained of was maliciously intended or was the result of willful or wanton misconduct...")

[5]2017 WL 2889105 1(Del. Super. July 7, 2017).

6

The Court recognizes that self-represented litigants may be held to a less stringent standard in presenting their cases under certain circumstances. However, "[l]itigants, whether represented by counsel or appearing *pro se* must diligently prepare their cases for trial or risk dismissal for failure to prosecute. Indeed, "[t]here is no different set of rules for *pro se* plaintiffs, and the trial court should not sacrifice the orderly and efficient administration of justice to accommodate the unrepresented plaintiff". (Citations and footnotes omitted).

On one hand, I am required to hold the self-represented litigant to a less stringent standard. On the other hand, there are no different set of rules for the self-represented litigant. In this opinion I try to thread that needle.

## MOTION TO DISMISS - STATUTE OF LIMITATIONS

Defendant Beebe Medical Center appropriately raised the statute of limitations issue in its Answer to the Complaint. Delaware law provides:

[N]o action for the recovery of damage upon a claim against a health-care provider for personal injury, including personal injury which results in death, arising out of medical negligence shall be brought after the expiration of two years from the date upon which such injury occurred.[6]

Plaintiff filed outside the two year limit, but relies upon the notice of intent to investigate - 90 day extension of the limitations period provided by the Medical

---

[6]18 *Del. C.* §6856

7

Negligence Chapter of our insurance code.[7]

18 *Del. C.* §6856(4) reads in full:

> A plaintiff may toll the above statutes of limitations for a period of 90 days from the applicable limitations contained in this section by sending a Notice of Intent to investigate to each potential defendant or defendants by certified mail, return receipt requested, at the defendant's or defendants' regular place of business. The notice shall state the name of the potential defendant or defendants, the potential plaintiff and give a brief description of the issue being investigated by plaintiff's counsel. The 90 days shall run from the last day of the applicable statute of limitations contained in this section. The notice shall not be filed with the court. If suit is filed after the applicable statute of limitations in this section, but before the 90 day period in this section expires, a copy of the notice shall be attached to the complaint to prove compliance with the statute of limitations.

18 *Del. C.* §6856(4) requires strict compliance.[8] Plaintiffs have an affirmative duty to establish compliance with subsection 4.[9] It requires the notice to be sent to

---

[7]See generally, 18 *Del. C.*, ch 68 and specifically, 18 *Del. C.* §6856(4).

[8]*Berry v. Connections Cmty. Support Programs, Inc.*, 2019 WL 6704936 (Del. Super. Dec. 5, 2019).

[9]*Leatherbury v. Greenspun*, 939 A.2d 1284, 1292 (Del. 2007).

8

the prospective Defendant by certified mail, return receipt requested.

The notice must include the following:

1. the name of the potential defendant or defendants.

2. the potential plaintiff; and

3. a brief description of the issue plaintiff's counsel is investigating.

I have two problems with Plaintiff's notice. First, Plaintiff sent the notice to the individual Defendants c/o Beebe Medical Center at its correct address, and to Dori Blades c/o Beebe Medical Center. Nowhere in the record of the case do I have an identification of Ms. Blades. Plaintiff told me at argument that he was told to send the notice for Beebe Hospital to Ms. Blades. Plaintiff knew how to send correspondence to one party "care of" another. I would have thought he would have styled any notice to Beebe Medical Center to it, care of Ms. Blades, but he did not. His document from the United States Postal Service shows he sent the notice to Dori Blades.

The second issue with the notice is it does not identify Beebe Medical Center as a potential defendant. The notice[10] identifies three prospective Defendants: Thomas M. Cathcart, PAC (physician's assistant), Joydeep Haldar, M.D., and Charles Marshall, RN (registered nurse). The notice also states that each of the

---

[10] I attach the notice to this opinion as an Appendix.

9

"potential" Defendants are working for Beebe Medical Center. One could infer from what Plaintiff wrote that Beebe was legally responsible for those who work for it. But Plaintiff did not strictly comply with the notice statute.

The notice statute has been reviewed for compliance in a number of cases. In *Berry v. Connections Cmty. Support Programs, Inc.,*[11] the Plaintiff failed to name an individual Defendant, failed to send the notice by certified mail, and did not give a sufficient description of what was being investigated. The Complaint was dismissed.

In *Leatherbury v. Greenspun,*[12] plaintiff sent the notice by Federal Express, not certified mail. Our Supreme Court affirmed the dismissal by this Court, requiring strict compliance with the statute. By comparison in *Verrastro v. Bayhealth Med. Ctr., Inc.,*[13] this Court rejected a challenge to the notice in which the Defendant claimed failure to properly describe what was being investigated.

Here, Plaintiff failed to meet two basic requirements. He never identified Beebe Medical Center as a potential Defendant, and did not send the required notice. If strict compliance was not required, one might overlook these deficiencies

---

[11]2019 WL 6704936 (Del. Super. Dec. 5, 2019)

[12]939 A.2d at 1292.

[13]119 A.3d 676 (Del. Super 2015).

10

as "close enough". Our case law is clear, however, in precedent from both this Court and our Supreme Court, proper notice is required. Because Plaintiff did not strictly comply with the notice requirements, he is not entitled to the subsection 4 ninety day grace period. His complaint as to Beebe Medical Center was filed outside the limitations period and must be dismissed. Beebe Medical Center's motion to dismiss the Complaint as to it is granted.

## THE MOTIONS FOR SUMMARY JUDGMENT - THE MEDICAL EVIDENCE

All Defendants have moved for summary judgment by challenging the state of the medical evidence. Because I have granted Beebe Medical Center's motion to dismiss as to the Statute of Limitations issue, its motion as to the state of the medical evidence is denied as moot. I address only the individual Defendants' motion as to the expert evidence issue.

Defendants comprehensively challenge Dr. Raffo's opinions. Not surprisingly, they challenge his statements expressed in his August 2019 letter that the opinions are based upon the factual information and contentions Plaintiff provided him and not a review of the records. The doctor can rely upon what Plaintiff told him. Of course, that information would be subject to challenge and ordinary cross-examination at trial. No doubt the cross-examination would have

11

been fruitful. In my opinion, the doctor's letter was sufficient to survive a motion for summary judgment.

Unfortunately for Plaintiff, there is more to the story. Dr. Raffo has now told the parties he cannot express an opinion without further records and information. I do not know why Dr. Raffo changed his view, but correspondence provided to me as well as the affidavit of counsel for the individual Defendants show to me he has. He now needs the records and information, and will not or cannot testify without it.

Plaintiff argued to me that Defendants did not provide the additional records to Dr. Raffo as he requested prior to the doctor's deposition. While Plaintiff's contention is correct, Plaintiff's conclusion is based upon an incorrect assumption. Plaintiff has the obligation to produce sufficient expert evidence to support his case. To do that he must ensure his expert has all that he requires to be able to testify as mandated by law.

While I loathe to repeat war stories, I saw in my practice incidents where expert witnesses fell apart, often at depositions. For a Plaintiff, a failing expert witness is always a disaster. Here Plaintiff's expert refused to support his case even before his deposition began.

Had the failing expert's deposition occurred closer to trial, I would have granted the individual Defendants' motion for summary judgment. But in this case,

12

Dr. Raffo's opinions survived the Certificate of Merit process[14] and the initial expert disclosure requirements. I am unwilling to dismiss the case now, especially in light of my obligations in dealing with a self-represented litigant.

My denial of the individual Defendants' motion is conditioned upon Plaintiff meeting several requirements. First, within 30 days of this opinion, Plaintiff must provide to Dr. Raffo whatever records he needs to support his opinions. Second, within 45 days of this opinion, Plaintiff must provide a written opinion from Dr. Raffo sufficiently supporting his claims for medical negligence, including supporting a claim for causation between any medical negligence and Plaintiff's alleged injuries. Third, within 60 days of the date of this opinion, Plaintiff must work with counsel for the individual Defendants to arrange a discovery deposition of Dr. Raffo. Should Plaintiff fail in any of these requirements, counsel should feel free to notify me by appropriate motion.

## IN SUMMARY

The requirements of the notice provision of Chapter 68 of Title 18 require strict compliance. Whether a Plaintiff is represented by counsel or self represented, the consequences of failure are clear and unforgiving. Plaintiff's failure require dismissal of the claims against Beebe Medical Center.

---

[14]See 18 *Del. C.* §6853.

13

failure require dismissal of the claims against Beebe Medical Center.

The requirements of trial evidence during the preparation phase are more flexible. In using my discretion and taking into account that Plaintiff is self-represented, I have set a schedule that may allow Plaintiff to proceed to trial.[15] Thus, for now I deny the motions of Dr. Haldar and Mr. Cathcart. My opinion reflects my attempt to thread the needle between holding self represented parties to a less stringent standard and to also apply "no different set of rules" to self represented litigants.

**IT IS SO ORDERED**

Craig A. Karsnitz

cc:    Prothonotary

FILED PROTHONOTARY SUSSEX COUNTY

2020 JUN -9 A 10: 18

---

[15]One final note about trial. Trial is set for the third week of September. The pandemic caused by Coronavirus 19 likely will mean we are unable to conduct jury trials by that date. I hope conditions improve so that jurors and all of us are safe and comfortable to be able to do so.